FELIPA ALSIEUX Y VIZCARRONDO, demandante y apelante, *v.* MANUEL SANTISTEBAN GUADALUPE y PETRONILA PÉREZ, demandados y apelados.

No. 4920.—*Sometido:* Enero 21, 1930. *Resuelto:* Febrero 14, 1930.

*M. Martínez Dávila,* abogado de la apelante; *T. Bernardini de la Huerta,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta contra sentencia que declara la demanda sin lugar, dictada como consecuencia de haber sostenido la corte inferior la excepción previa de los demandados fundada en que la demanda no aduce hechos determinantes de causa de acción.

La demanda, que fué presentada en 1928, alega substancialmente que la demandante estuvo casada con José Frontera Marqués hasta el año 1916, en cuya fecha fué disuelto su matrimonio por sentencia de divorcio; que ese mismo año fué practicada la liquidación de la sociedad legal de gananciales sin que en ella fuese incluída la finca rústica que describe en la demanda, comprada por el marido durante el matrimonio por documento privado; que al ser inscrita esa finca en el registro de la propiedad a favor del marido en virtud de un expediente de dominio, el registrador hizo constar en la inscripción que José Frontera Marqués era casado al adquirir la finca y al promover el expediente de dominio por lo que dicha finca tiene carácter de ganancial; que posteriormente los esposos demandados compraron la finca a José Frontera Marqués y fué incrita en el registro a nombre de los consortes adquirentes con las salvedades que constan en su inscripción original; y que los demandados se niegan a reconocer que la demandante tiene en esa finca un condominio de una mitad y a entregarle en esa proporción los frutos de la misma, los que estima en $4,500 durante los nueve años que han transcurrido desde que la compraron. Por esas alegaciones solicitó de la corte declarase que la demandante es condueña de una mitad de la finca y que condene a los demandados a pagar a la demandante, como indemnización, la cantidad de $4,500 por los frutos percibidos de esa mitad.

Los motivos que tuvo la corte inferior para sostener la excepción previa aducida por los demandados y para, consiguientemente, declarar sin lugar la demanda fueron que de acuerdo con la Ley Hipotecaria en sus artículos 36 y 37 inciso 2º los demandados son terceros, estando prescrita por el transcurso de un año la acción ejercitada contra ellos; y que la acción para anular la venta hecha a los demandados está prescrita de acuerdo con el artículo 1268 del Código Civil. La apelante alega que esos fundamentos son erróneos.

■ Dice la Ley Hipotecaria, en los artículos e inciso citados por la corte sentenciadora, que las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos, conforme a lo prescrito en dicha ley; y que se exceptúan de esa regla las acciones rescisorias de enajenaciones hechas en fraude de acreedores, cuando la enajenación haya sido hecha por título gratuito y cuando el tercero haya sido cómplice en el fraude; y que en ambos casos no perjudicará a tercero la acción rescisoria que no se hubiere entablado dentro de un año, contado desde el día de la enajenación fraudulenta.

Basta la lectura de los preceptos citados para llegar a la conclusión de que no son aplicables al caso presente, porque los hechos alegados en la demanda no demuestran que la demandante ejercita acción alguna para rescindir o resolver el contrato de venta celebrado entre José Frontera y los esposos demandados, y no contiene alegación alguna de fraude. Y si se tratara de acción rescisoria o resolutoria no estaría prescrita tal acción por el transcurso de un año, porque sería de aplicación el No. 1º del artículo 37 de dicha ley, según el cual están exceptuados de la regla del artículo 36 de la misma las acciones rescisorias o resolutorias que deban su origen a causas que consten explícitamente en el registro, ya que la demanda alega que en la inscripción primera de la finca a favor de Frontera hizo constar el registrador que fué comprada por el marido durante su matrimonio con la demandante y que tiene el carácter de bien ganancial.

■ Tampoco tiene aplicación en este caso el artículo 1268 del Código Civil que fija en cuatro años el término para poder ejercitar la acción de nulidad de los contratos, porque según hemos dicho la demanda no tiene por objeto que se anule el contrato de venta celebrado entre Frontera y los demandados. La acción ejercitada en este pleito es para que se declare que la demandante tiene un condominio de una mitad en la finca por haber sido comprada por la sociedad

legal de gananciales que tenía con su esposo y que por esto le pertenece una mitad por no haberla ella vendido y que como consecuencia de tal declaración deben los demandados los frutos que han percibido de tal condominio.

Por consiguiente, son erróneos los fundamentos que tuvo la corte inferior para sostener la excepción previa de los demandados y para dictar la sentencia apelada, *la que debe ser revocada para ulteriores procedimientos.*